UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ERICK DALVI ACEVEDO TERRERO,

*Petitioner,*

– against –

JOHN TSOUKARIS, *NJ Director, Enforcement & Removal Operations, U.S. Immigration and Customs Enforcement,* TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement,* KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security,* PAMELA BONDI, *Attorney General of the United States,* LUIS SOTO, *Warden, Delaney Hall, Newark, NJ,*

*Respondents.*

**SCHEDULING ORDER**
26-cv-00869 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

WHEREAS, Petitioner, through counsel, states that he is and has been detained by respondents since February 4, 2026, and is currently in respondents' custody at Metropolitan Detention Center in Brooklyn, New York;

WHEREAS, Petitioner through counsel, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner seeks an Order barring respondents from transferring him outside of the jurisdiction of this Court while the Petition is pending, Pet. 24;

1

It is hereby:

**ORDERED**, that in order to preserve the Court's jurisdiction pending final disposition of the Petition, respondents are **ENJOINED** from moving petitioner to a location outside the Eastern District of New York, the Southern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act[,] 28 U.S.C. § 1651[,] authorizes a federal court to protect that jurisdiction.");[1] *Garcia-Izquierdo v. Gartner*, No. 04-cv-07377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-cv-01935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *Y.G.B. v. Almodovar*, No. 25-cv-06244 (E.D.N.Y. Nov. 19, 2025), ECF No. 12 at 2 (same); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal);

**ORDERED**, that respondents shall submit a letter by **Monday, February 16, 2026 at 12:00 PM**, stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-

---

[1] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Yumbla v. Maldonado*, No. 26-cv-00594, 2026 WL 371414 (E.D.N.Y. Feb. 10, 2026), *Guanga Dutan v. Tellez*, No. 26-cv-00600, 2026 WL 377520 (E.D.N.Y. Feb. 11, 2026), *Erjigitov v. Lyons*, No. 26-cv-00624, 2026 WL 382489 (E.D.N.Y. Feb. 11, 2026), or any other decision of this Court. If respondents take the position that the present case is not materially different from one or more of the Court's prior decisions, respondents shall further state whether respondents consent to the issuance of the writ, subject to preservation of respondents' arguments for appeal;

**ORDERED**, that if respondents take the position that the present case is materially different from each of the Court's prior decisions, respondents are ordered to show cause, in writing, as to why the relief sought in the Petition should not be granted and otherwise respond to the factual and legal assertions in the Petition no later than **Tuesday, February 17, 2026 at 5:00 PM**;

**ORDERED**, that if respondents file a response to the Order to Show Cause, they are directed to file, under seal if necessary, any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in its submission not yet filed by petitioner, and records indicating whether any property was seized from petitioner at the time of arrest. Respondents must serve a copy of the response on petitioner, with proof of such service to the Clerk of this Court;

**ORDERED**, that if respondents file a response to the Order to Show Cause, petitioner shall file a reply no later than **Wednesday, February 18, 2026 at 5:00 PM**;

**ORDERED**, that if respondents file a response to the Order to Show Cause, the parties shall appear for a hearing and oral argument on the petition on **Thursday,**

**February 19, 2026, at 10:00 AM** before the Hon. Natasha C. Merle in Courtroom 2F North of the Brooklyn Federal Courthouse;

**ORDERED**, that by **Monday, February 16, 2026**, petitioner shall serve respondents with a copy of the petition, along with a copy of this Order, by overnight mail and promptly file proof of such service on the docket. Counsel for respondents shall promptly enter a notice of appearance.

The Clerk of the Court is respectfully directed to deliver a copy of this Order to the U.S. Attorney's Office at Richard.Hayes@usdoj.gov.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:      February 13, 2026
              Brooklyn, New York